UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>         Plaintiff,<br><br> v.<br><br>MARC SAPATIN, SAPATIN NGUYEN ENTERPRISES, INC., SAPATIN ENTERPRISES, INC., NGUYEN LAM, KYRA EVANS, PRASHANT VIRA, SWIFT UNLOCKS, INC. and JOHN DOES 1-50, United States individuals and entities,<br><br>         Defendants. | No. 2:15-cv-01462-RSM<br><br>ORDER GRANTING PLAINTIFF'S NOTICE OF NON-OPPOSITION TO MOTION TO REOPEN AND PROPOSED STIPULATION |

This matter came on for hearing upon the motion of Plaintiff AT&T Mobility LLC for an order, pursuant to Federal Rule of Civil Procedure 60(b), to set aside this Court's September 23, 2019 Order of Dismissal (Dkt. 47).[1] Having considered Plaintiff's motion, the accompanying declarations, and the non-opposition to Plaintiff's motion by the Defendants and analyzing the factors of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993), the Court finds that Plaintiff's failure to respond to the Court's Order to Show Cause (Dkt. 46) was the result of excusable neglect. Pursuant to Rule 60(b), the Court

---

[1] The Court has made minor deviations from the proposed stipulated order submitted.

ORDER GRANTING PLAINTIFF'S NOTICE
OF NON-OPPOSITION TO MOTION TO
REOPEN AND PROPOSED STIPULATION - 1
Case No. 2:15-cv-01462-RSM

hereby sets aside its September 23, 2019 Order of Dismissal and reinstates this case, subject to the following conditions:

    a.    AT&T's Complaint solely as to Defendant Nguyen Lam is hereby DISMISSED.

    b.    This case is hereby stayed until June 1, 2020, subject to the additional conditions below.

    c.    AT&T may only seek relief from the stay as to a currently named Defendant if restitution is not adjudicated in related criminal proceedings. AT&T's right to seek relief from the stay to seek leave to amend the Complaint to name additional defendants, however, shall not be restricted by this Order.

    d.    AT&T shall promptly dismiss with prejudice all claims against each Defendant whose criminal proceeding is final and has resulted in AT&T having the opportunity to request restitution against that Defendant.

    e.    For the avoidance of confusion, such dismissal shall occur no later than ten (10) days after AT&T is notified that a guilty plea has been entered that affords AT&T the opportunity to request restitution against that particular Defendant and a sentence against that particular Defendant has been entered.

    f.    If a related criminal proceeding has not yet resulted in the adjudication of restitution as to a particular Defendant by the time this stay expires, the remaining Parties shall stipulate to an additional stay, subject to approval by the Court, under the same terms as set forth herein.

    g.    AT&T shall not pursue claims against a remaining Defendant unless AT&T is

denied the opportunity to request restitution in that Defendant's criminal case.

  h. AT&T's dissatisfaction with the amount of restitution awarded against a particular Defendant, or a criminal court's decision not to award any restitution to AT&T, shall not provide AT&T with a basis to pursue claims against that Defendant.

  i. AT&T will report to the Court by no later than June 1, 2020 regarding the status of all federal criminal investigations into the Defendants and whether there are grounds that would warrant allowing the case to remain open.

  DATED this 11th day of March 2020.

              _____
              RICARDO S. MARTINEZ
              CHIEF UNITED STATES DISTRICT JUDGE